IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM RAY<br>970 Webster Street, N.E.<br>Washington, D.C. | *<br><br>* | |
| Plaintiff, | * | CIVIL ACTION NO. _____ |
| v. | * | (Removed from Superior Court,<br>District of Columbia (Civil Action |
| HERITAGE CARE, INC.<br>d/b/a St. Thomas More Nursing &<br>Rehabilitation Center<br>4922 LaSalle Road<br>Hyattsville, MD | *<br><br>*<br><br>* | No. 06-0000603) |
| and | * | |
| BENJAMIN ADEWALE, M.D.,<br>7011 Calano Street<br>Springfield, Virginia 22150 | *<br><br>* | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*    \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF FILING OF STATE COURT PAPERS

Undersigned counsel for Defendant Heritage Care, Inc., hereby certifies that Heritage is filing herewith copies of the docket entries and all pleadings, papers and orders that been served on or obtained by Defendant Heritage, as of February 23rd, 2006, in *William Ray v. Heritage Care, Inc., et al.*, Civil Action No. 06-0000603, pending in the Superior Court for the District of Columbia.

*Peter A. Woolson* (signature)
Peter A. Woolson
Federal Bar No. 04448
Robinson Woolson, P.A.
Redwood Tower, Suite 1500
217 East Redwood Street
Baltimore, MD 21202
(410) 625-0000
(410) 625-0201 (FAX)

Attorney for Defendant Heritage Care, Inc.

OF COUNSEL:

*Kathleen M. McDonald* (signature)
Kathleen M. McDonald
31 Light Street, Suite 400
Baltimore, Maryland 21202
(410) 539-2900
(410) 539-2956 (FAX)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2006, a copy of the foregoing Certificate of Filing of State Court Papers was served, by first-class mail, postage prepaid, on Charles G. Canty, Esquire, 1025 Connecticut Avenue, N.W., Suite 1012, Washington, D.C. 20036, attorney for Plaintiff, and Benjamin Adewale, M.D., 7011 Calano Street, Springfield VA 22150, Defendant *pro se*.

*Kathleen M. McDonald*
Kathleen M. McDonald

M3255



2006 CA 000603 M          RAY, WILLIAM    Vs.  HERITAGE CARE, INC. et al        GIF

Search Criteria
 Docket Entry                                    Begin Date            SortDescending
 Images       All Dockets                        End Date
 Participant
 Display OptionExclude Non Display Dockets

Search Results

| Docket Date | Reference | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 1/31/2006 | | Issue Date: 01/31/2006<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>HERITAGE CARE, INC.<br>4922 LA SALLE RD<br>HYATTSVILLE,<br>Tracking No: 5000011498<br><br>ADEWALE MD, BENJAMIM<br>7011 CALANO ST<br>SPRINGFIELD, VA   22150<br>Tracking No: 5000011499 | | |
| 1/30/2006 | | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 05/05/2006    Time: 9:30 am<br>Judge: FISHER, GERALD I    Location: Courtroom A-50 | | |
| 1/30/2006 | 1 | Complaint for Malpractice Medical Filed<br>Attorney: CANTY, Mr CHARLES G (443186)<br>WILLIAM RAY (PLAINTIFF);  Receipt: 26401<br>Date: 01/30/2006 | 120.00 | |

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| WILLIAM RAY,<br>970 Webster St., NE<br>Washington, D.C.<br>        Plaintiff<br><br>-v-<br><br>HERITAGE CARE, Inc.<br>dba<br>St. Thomas More Nursing &<br>Rehabilitation Center<br>4922 La Salle Road<br>Hyattsville, MD<br><br>Dr. Benjamin Adewale, M.D.<br>7011 Calano St.<br>Springfield, VA 22150<br>        Defendants | * <br> * <br> * <br> * <br> * <br> *    Civil Action No.:<br> * <br> * <br> *  <br> * <br> * <br> * <br> * <br> * <br> * |

### COMPLAINT
Breach of Contract, Negligence, Intentional Infliction of Emotional Distress

COMES NOW Plaintiff, William Ray, by and through under signed counsel, and by way of complaint for damages against Defendants states as follows:

1. Jurisdiction of this Court is founded on D.C. Code Annotated, as amended, § 11-21.

### PARTIES TO THIS COMPLAINT

2. Defendant, St. Thomas More Nursing & Rehabilitation Center, hereinafter referred to as St. Thomas More, is a residential facility licensed by the state of Maryland to provide skilled medical/nursing care to physically disabled persons who are in need of long-term care.

3. William Ray, Plaintiff, is a life long citizen of the District of Columbia. William Ray is a young African-American male who was admitted into defendant, St. Thomas



More Nursing & Rehabilitation Center on August 24, 2000 with numerous diagnoses including complete C-4 (cervical / referring to the neck) tetraplegia (a paralysis of the arms, legs and trunk of the body) with muscle spasticity (spasms and involuntary movement). William Ray's paralysis does not allow him to voluntarily move his body or his arms and legs. William Ray is totally dependent on others to provide all life sustaining care.

4. Defendant, Dr. Benjamin Adewale, M.D. was the attending/treating psychiatrist for William Ray at the time the Plaintiff was removed against his wishes from Defendant, St. Thomas More.

RELEVANT FACTS

5. On August 24, 2000, Plaintiff, William Ray entered into a contract with Defendant, St. Thomas More for health care services which included general nursing care, administration of medication and personal services which included room, board and personal care.

6. On the morning of February 1, 2004, Plaintiff, William Ray was forcibly removed from his bed, against his will and consent while residing at St. Thomas More by the Defendant's agents / employees and was involuntarily discharged from that facility. Plaintiff, William Ray was transported to Prince George's Hospital Center without his consent and without being provided notice of discharge or rationale for his discharge from Defendant, St. Thomas More.

7. On February 1, 2004, Plaintiff, William Ray was discharged from Defendant, St. Thomas More and transported to Prince George's Hospital Center with a request by the defendant that William Ray receive a psychiatric evaluation, indicating that William Ray was a danger to himself and others.

8. On February 1, 2004, upon Plaintiff William Ray's discharge from Defendant, St. Thomas More, he was seen at Prince George's Hospital Center for an emergency psychiatric evaluation. The Plaintiff was evaluated and was assessed by the hospital's psychiatric staff and determined that William Ray did not demonstrate any evidence of active mood or psychotic symptoms and was not a risk of harm to himself or others.

9. At or about the same time of his psychiatric evaluation, William Ray also received a physical screening and evaluation by the medical staff at Prince George's Hospital Center as well.

10. On February 1, 2004, at or about 11:30 pm following his psychological evaluation, William Ray was discharged from Prince George's Hospital Center and transported back to the defendant, St. Thomas More. Defendant, St. Thomas More, by way of its agents and employees, refused William Ray entrance and readmission back into the facility. On February 2, 2004, at or about 12:50 am, the Plaintiff was returned to Prince George's Hospital Center for shelter.

11. On February 2, 2004 at or about 9:30 am, Prince George's Hospital Center performed another psychiatric evaluation. This assessment was in agreement with the initial psychiatric evaluation performed on the previous day and concluded that the Plaintiff did not require hospitalization. Prince George's Hospital Center transferred the Plaintiff back to St. Thomas More for continued residential and nursing and medical services.

12. On February 2, 2004 Prince George's Hospital Center again attempted to transfer William Ray back into the care of St. Thomas More. The Plaintiff was not allowed entrance into the facility and was again denied admission. William Ray was transferred back to Prince George's Hospital Center where he remained until he was admitted into another nursing home on February 3, 2004.

COUNT I
BREACH OF CONTRACT

13. Incorporate by reference paragraphs' 1-12 with particular emphasis on paragraph 5 herein.

14. That the contract entered into by the Plaintiff, William Ray and Defendant, St. Thomas More on August 24, 2000 was mutual and ongoing in nature. In consideration and exchange of Plaintiff, William Ray's income, funds and assets, Defendant, St. Thomas More agreed to provide nursing care and medical treatment along with room and board, and personal care.

15. That the referenced contract expressly stated that the Plaintiff, William Ray had the ongoing right to make his own medical decisions and to manage his own personal

affairs. That the contract between the Plaintiff and the Defendant expressly included William Ray's right to make his own health care decisions, including the right to refuse nursing or medical treatment or any other service offered by St. Thomas More.

16. That the transfer of Plaintiff, William Ray on February 1, 2004 from Defendant, St. Thomas More was in reality a wrongful discharge from said care facility.

17. That said discharge from St. Thomas More was done with William Ray's expressed refusal of service and movement.

18. That said discharge was a material and total breach of said contract by Defendant, St. Thomas More. That said breach resulted in injury to the Plaintiff, William Ray.

19. That said discharge and continuous refusal to readmit Plaintiff, William Ray back into its facility by Defendant, St. Thomas More was outrageous and malicious and in willful, wanton, or reckless disregard of William Ray's contractual and legal rights.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the sum of **$500,000.** for compensatory damages and **$2,000,000.** for punitive damages along with interests and costs and attorney's fees.

## COUNT II
## WRONGFUL ABANDONMENT

20. Incorporate by reference paragraphs' 1-12 with particular emphasis on paragraphs 7-12.

21. That Defendant, St. Thomas More had an ongoing legal obligation to provide nursing care and medical treatment along with room and board, and personal care to Plaintiff, William Ray. That Defendant, St. Thomas More's refusal to readmit Plaintiff, William Ray was a breach of its professional nursing and medical care obligations along with residential care duties as a nursing home.

22. That Plaintiff, William Ray did not grant consent to the Defendant, St. Thomas More to terminate their medical care provider -- resident patient relationship nor did William Ray dismiss himself from the care of St. Thomas More.

23. That Plaintiff, William Ray was in continued need of care from St. Thomas More Nursing & Rehabilitation Center at the time of his discharge.

24. That said breach of care, abandonment, by Defendant, St. Thomas More resulted in injury to Plaintiff, William Ray.

25. That said abandonment and continuous refusal to provide Plaintiff, William Ray care by Defendant, St. Thomas More was outrageous and malicious and in willful, wanton, or reckless disregard of William Ray's contractual and legal rights.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the sum of **$1,000,000.** for compensatory damages and **$2,000,000.** for punitive damages along with interests and costs.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Incorporate by reference paragraphs' 1-12.

27. That Defendant, St. Thomas More's conduct in improperly discharging Plaintiff, William Ray then subsequently not readmitting him after being transported back to St. Thomas More, was extreme and outrageous.

28. That Defendant, St. Thomas More's conduct either intentionally or recklessly caused severe emotional distress to Plaintiff, William Ray.

29. That Plaintiff, William Ray suffered physical illness and injury as the result of the outrageous conduct of Defendant, St. Thomas More.

30. That the conduct of Defendant, St. Thomas More was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the sum of **$1,000,000.** for compensatory damages and **$2,000,000.** for punitive damages along with interests and costs.

## COUNT IV
## PSYCHIATRIC/MEDICAL MALPRACTICE

31. Incorporate by reference paragraphs' 1-12 with particular emphasis on paragraphs 6-12.

32. That Defendant, Benjamin Adewale, M.D., was the Plaintiff William Ray's treating psychiatrist at the time of his wrongful discharge.

33. That Defendant, Benjamin Adewale, M.D. assisted in William Ray's wrongful discharge.

34. That Defendant, Benjamin Adewale, M.D. failed to treat William Ray with the same degree of skill, care or knowledge required of a doctor/psychiatrist acting in the same or similar circumstances.

35. That Defendant, Benjamin Adewale, M.D. failure in care was a proximate cause of injury to the plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the sum of **$1,000,000.** for compensatory damages and **$2,000,000.** for punitive damages along with interests and costs.

### JURY DEMAND

Plaintiff, William Ray hereby demands a trial by jury as to all triable issues remaining herein.

I hereby swear and affirm under penalty of perjury that the contents of the above complaint are true and correct and that all documents and exhibits are true and accurate copies of the original documents.

Respectfully submitted on Behalf of the Plaintiff,
William Ray

Charles G. Canty, Esq.
D.C. Bar #443186
1025 Connecticut Ave., NW,
Suite 1012
Washington, D.C. 20036
(202) 857-1465

CA Form 1

# Superior Court of the District of Columbia

CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

William Ray

_Plaintiff_

vs.

St. Thomas More, et al.

_Defendant_

Civil Action No. 06-0000600

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party palintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the adddress stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Charles Canty
Name of Plaintiff's Attorney

1025 Connecticut Ave, NW
Address
Suite 1012, Wash, DC 20036

(202) 857-1465
Telephone

By _____
Deputy Clerk

Date: 1/30/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170
YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Dec. 91
2-0865-1 wd 375

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia

CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001    Telephone: 879-1133

William Ray _Plaintiff_

vs.

Dr. Benjamin Adewale, et. al _Defendant_

Civil Action No. 06-000606

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party palintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the adddress stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Charles Chatty
_Name of Plaintiff's Attorney_

1025 Connecticut Ave NW
_Address_

Suite 1012, Wash, DC 20036

(202) 857-1465
_Telephone_

_Clerk of the Court_

By _____
_Deputy Clerk_

Date: 1/30/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Dec. 91
2-0885-1 wd 375

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia
CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

William Ray
vs.
St. Thomas More

Case Number: 06-0000503
Date: 1/30/06

Name: (please print) Charles Curly
Firm Name: Law Office of Charles Curly
Telephone No.: (207) 857-1465    Unified Bar No.: 443186

Relationship to Lawsuit
[X] Attorney for Plaintiff
[ ] Self (Pro Se)
Other: _____

TYPE OF CASE: [ ] Non-Jury     [ ] 6 Person Jury     [X] 12 Person Jury

Demand: $ 3,000,000     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. _____ Judge _____ Calendar # _____
Case No. _____ Judge _____ Calendar # _____

NATURE OF SUIT: (Check One Box Only)

A. CONTRACTS
[X] 01 Breach of Contract
[ ] 02 Breach of Warranty
[ ] 06 Negotiable Instrument
[ ] 15 Other: _____
[ ] 07 Personal Property
[ ] 09 Real Property-Real Estate
[ ] 12 Specific Performance

COLLECTION CASES
[ ] 14 Under $25,000 Pltf. Grants Consent
[ ] 16 Under $25,000 Consent Denied
[ ] 17 OVER $25,000

B. PROPERTY TORTS
[ ] 01 Automobile
[ ] 02 Conversion
[ ] 07 Shoplifting, D.C. Code § 3-441
[ ] 03 Destruction of Private Property
[ ] 04 Property Damage
[ ] 05 Trespass
[ ] 06 Other: _____

C. PERSONAL TORTS
[ ] 01 Abuse of Process
[ ] 02 Alienation of Affection
[ ] 03 Assault and Battery
[ ] 04 Automobile
[ ] 05 Deceit (Misrepresentation)
[ ] 06 False Accusation
[ ] 07 False Arrest
[ ] 08 Fraud
[ ] 09 Harassment
[ ] 10 Invasion of Privacy
[ ] 11 Libel and Slander
[ ] 12 Malicious Interference
[ ] 13 Malicious Prosecution
[ ] 14 Malpractice Legal
[X] 15 Malpractice Medical
[ ] 16 Negligence
[ ] 17 Personal Injury
[ ] 18 Wrongful Death
[ ] 19 Wrongful Eviction
[ ] 20 Other: _____
[ ] 21 Asbestos
[ ] 22 Toxic/Mass Torts

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

Form CV(6)-496/Feb. 95



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WILLIAM RAY
Vs.
HERITAGE CARE, INC. et al

C.A. No.    2006 CA 000603 M

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER
Date:  January 30, 2006
Initial Conference: 9:30 am, Friday, May 05, 2006
Location:  Courtroom A-50
           515 5th Street N.W.
           WASHINGTON, DC  20001

Caio.doc

Superior Court of the District of
Columbia
Civil Division
Civil Actions Branch

Receipt 2B456        Date 02/17/06

Description Receipt for: Copies Per Page

Received From Johnson
On Behalf Of
                              Amount Reference
Payment Type                  6.00
Cash
                              Amount
Disbursements                 5.50
Fines
             Change           0.50

Cashier                Trans Date 02/17/06
                                  11:50:51

Comments