IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM RAY<br>970 Webster Street, N.E.<br>Washington, D.C. | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO. 06-0322-RMU |
| v. | * | (Removed from Superior Court,<br>District of Columbia (Civil Action |
| HERITAGE CARE, INC.<br>d/b/a St. Thomas More Nursing &<br>Rehabilitation Center<br>4922 LaSalle Road<br>Hyattsville, MD | * | No. 06-0000603) |
| | * | |
| | * | |
| and | * | |
| BENJAMIN ADEWALE, M.D.,<br>7011 Calano Street<br>Springfield, Virginia 22150 | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*      \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT
HERITAGE CARE, INC., IN SUPPORT OF MOTION TO DISMISS, OR,
IN THE ALTERNATIVE, TO TRANSFER CASE TO UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

Defendant, Heritage Care, Inc. ("Heritage"), has moved, pursuant to Federal Rules of

Civil Procedure 12(b)(3) and 12(b)(2), that this case either be dismissed, because venue in

the District of Columbia is improper, under 28 U.S.C. §1391(a), and/or because the

Complaint filed by Plaintiff William Ray ("Ray") fails to allege any basis upon which this

Court could exercise personal jurisdiction over Heritage in the District of Columbia, or that it be transferred, pursuant to 28 U.S.C. §1406(a), to the United States District Court for the District of Maryland, Southern Division, in which venue would be proper and in which personal jurisdiction could be exercised over both Defendants.[1]

In the alternative, as explained more fully below, even were venue proper in the United States District Court for the District of Columbia, which it is not, and even if Plaintiff had made a *prima facie* showing that this Court could properly exercise personal jurisdiction over Heritage, which he has not, this case should be transferred to the District of Maryland, Southern Division, for the convenience of the parties and in the interest of justice, under 28 U.S.C. §1404(a).

## STATEMENT OF PERTINENT ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Ray, who is an individual, originally filed a Complaint, on January 30, 2006, in the Superior Court for the District of Columbia. On February 23, 2006, Heritage timely removed this action to this Court, pursuant to 28 U.S.C. §1441, because there was

---

[1]   As of the filing of the instant Motion and Memorandum, Defendant Benjamin Adewale, M.D., has not been served with process, nor has he entered an appearance in this case. As set forth more fully below, Plaintiff has alleged that Dr. Adewale committed malpractice on him in Prince George's County, Maryland which, if true, would be sufficient to allow Maryland's courts to exercise jurisdiction over him under Maryland's long-arm statute, Md. Code Cts. & Jud. Proc. Ann. §6-103(a)(3) (causing tortious injury in the State by an act or omission in the State). Thus, the courts of Maryland would have personal jurisdiction in this case over Dr. Adewale even if he were not a resident of Maryland. *See also* Affidavit of William Adams in Support of Motion, ¶3, attached as Exhibit A.

2

complete diversity of citizenship between Plaintiff, who alleged that he is a citizen of the

District of Columbia, and Defendants Heritage, a Maryland corporation with its principal

place of business in that State, and Benjamin Adewale, M.D., an individual whom Plaintiff

identifies in the caption of his Complaint as a resident of Springfield, Virginia. The amount

in controversy, based on the prayers for relief in the Complaint, exceeds $75,000,

exclusive of interest and costs.

In his Complaint, [2] Plaintiff alleges that Heritage, which he alleges does business as

St. Thomas More Nursing & Rehabilitation Center, "is a residential facility licensed by the

state of Maryland to provide skilled medical/nursing care to physically disabled persons

who are in need of long-term care." *Complaint*, ¶2. Plaintiff alleges that he was admitted

to that facility, on August 24, 2000, with various conditions that caused him to be paralyzed

such that he cannot voluntarily move his body or his arms and legs, and that he is dependent

upon others to provide life sustaining care. *Id.*, ¶3. According to Plaintiff, he entered into a

contract with Heritage to provide for health care services, room, board and personal care,

but that, on February 1, 2004, he was "forcibly removed from his bed, against his will and

---

[2] The Complaint purports to be verified. At its conclusion, the Complaint does
contain and oath and affirmation that "the contents of the above complaint are true and
correct and that all documents and exhibits are true and accurate copies of the original
documents." The oath and affirmation, however, is not signed by Plaintiff but by Charles G.
Canty, his counsel of record, despite the fact that, at least presumably, Mr. Canty does not
have any personal knowledge of the events alleged in the Complaint. As to the purported
authenticity of "documents and exhibits," there were none attached to the Complaint.

consent while residing at [Heritage's facility] by the Defendant's agents/employees and was involuntarily discharged from that facility." *Id.* ¶¶5, 6. Plaintiff avers that he was transported from Heritage's facility to Prince George's Hospital Center with a request that he receive a psychiatric evaluation, on the grounds that he was a danger to himself and others. *Id.,* ¶7. Plaintiff alleges that he was evaluated by the staff at Prince George's Hospital Center and that it was determined that he "did not demonstrate any evidence of active mood or psychotic symptoms and was not a risk of harm to himself or others," and that he was discharged from that facility the same day and transported back to Heritage's facility. *Id.,* ¶¶8, 10. He claims that Heritage refused to readmit him and that he was returned to Prince George's Hospital Center on February 2, 2004. *Id.,* ¶11. Finally, Plaintiff alleges that he was again refused readmission to Heritage's facility later on February 2, 2004, that he was returned to Prince George's Hospital Center the same day, and that he remained there until he was admitted to "another nursing home" on February 3, 2004. *Id.,* ¶12.

Based on these allegations, Plaintiff purports to assert three causes of action against Heritage: Breach of contract (Count I), "wrongful abandonment" (Count II), and negligent infliction of emotional distress (Count III). In Count I, for breach of contract, Plaintiff seeks $500,000 in compensatory damages and $2,000,000 in punitive damages, plus "interests and costs and attorney's fees." Plaintiff seeks $1,000,000 in compensatory damages and $2,000,000 in punitive damages, "along with interests and costs," in Counts II

4

and III.    Count IV, which appears to be asserted solely against Defendant Dr. Adewale, is

for psychiatric/medical malpractice, because Dr. Adewale allegedly "assisted in William

Ray's wrongful discharge" from Heritage's facility, as his "treating psychiatrist at the

time." *Complaint,* ¶¶32, 33.  Plaintiff seeks judgment against Dr. Adewale in the amount

of $1,000,000 in compensatory damages and $2,000,000 in punitive damages, "along with

interests and costs."

Plaintiff makes no effort in his Complaint to aver or explain how the courts of the

District of Columbia can properly exercise personal jurisdiction over Heritage. The only

"jurisdictional allegation" made by Plaintiff is in ¶1 of the Complaint, in which Plaintiff

alleges that: "Jurisdiction of [the Superior Court] is founded on D.C. Code Annotated, as

amended, §11-21 [sic]."[3]   Nor does Plaintiff allege any facts showing how venue is proper

in the District of Columbia.  In fact, as explained below, venue is improper in this Court.

This means, in accordance with 28 U.S.C. §1406(a), that this case should be either

dismissed, or it should be transferred to the Southern Division of the United States District

Court for the District of Maryland, even if Plaintiff had met his burden of alleging

sufficient facts to make at least a *prima facie* showing that this Court could properly

---

[3]    Presumably, the statutory reference that Plaintiff intended to make was to §11-921, which merely sets forth the general subject matter jurisdiction of the Superior Court for the District of Columbia, and which has no bearing on either personal jurisdiction or venue.

5

exercise personal jurisdiction over Heritage under the District of Columbia long-arm statute, D.C. Code §13-423.[4]

### ARGUMENT

I.    **Venue does not lie in this District.**

The propriety of venue in this Court is controlled by 28 U.S.C. §1391(a), which applies to cases such as this one, in which subject matter jurisdiction is founded solely on diversity of citizenship. That subsection provides as follows:

> **(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[4]  Although, as a general rule, questions of personal jurisdiction should be decided before questions of venue, "where a sound prudential justification" exists, a court may consider venue before deciding personal jurisdiction. *Cameron v. Thornburgh*, 983 F. 2d 253, 256 n.3 (D.C. Cir. 1993). Indeed, this Court did precisely that, in *Smith v. US Investigations Services, Inc.*, 2004 WL 2663143 (D.D.C. 11/18/04), a case raising venue issues under §1361(b), but with many parallels to this case. For the convenience of the Court, a copy of *Smith* is attached as Exhibit B.  As in *Smith*, the impropriety of venue in this Court is so clear in this case that this Court could dismiss or transfer this action, under 28 U.S.C. 1406(a), on venue grounds, without deciding whether Plaintiff has pleaded sufficient facts to show, at least on a *prima facie* basis, personal jurisdiction over Heritage in this Court.

The purpose of this statutory venue provision is to protect a defendant against the

risk that a plaintiff will select an unfair or inconvenient forum. 15 C. Wright, A. Miller & E.

Cooper, *Federal Practice & Procedure: Jurisdiction 2d*, §3801 at 4. *See also Leroy v.*

*Great Western United Corporation*, 443 U.S. 173, 183-84 (1979); *Cobra Partners L.P.*

*v. Liegl*, 990 F. Supp. 332, 333 (S.D.N.Y. 1998); *Troy v. Morgan Stanley*, 901 F. Supp.

1397, 1400 (C.D. Ill. 1995). As a result, the majority of jurisdictions place the burden of

alleging and proving that venue is proper on the plaintiff. *Davis v. American Society of*

*Civil Engineers*, 290 F. Supp. 2d 116, 121 (D.D.C. 2003) (Urbina, J.), *and cases cited*

*therein.* As explained below, Plaintiff has not shown, and cannot show, that venue properly

lies in this Court.

Venue in this case is determined by §1391(a)(2),[5] because, even accepting

Plaintiff's allegations as true for purposes of this issue, all of the events or omissions

giving rise to the claims against Heritage and Dr. Adewale took place in Prince George's

County, Maryland, in the District of Maryland, Southern Division. Plaintiff alleges, and his

---

[5]   Subsection (a)(1) of 28 U.S.C. §1391 would not apply, because Defendant Dr.
Adewale is identified as a resident of Virginia, while Heritage is a Maryland corporation
with its principal place of business in Prince George's County, Maryland, and there is no
suggestion or allegation that Heritage has any contacts, much less sufficient minimum
contacts, with Virginia such that it could be considered a "resident" of that State for
purposes of venue. Furthermore, even if were assumed, for purposes of argument, that
Heritage was subject to personal jurisdiction in the same federal jurisdiction in Virginia in
which Dr. Adewale is averred to reside, as per §1391(c), so that both Defendants were
"residents" of that District for purposes of venue, venue in this Court would still be
improper.

counsel has sworn, that: (1) Plaintiff was a resident at Heritage's facility in Prince George's County from approximately August 24, 2000, until February 1, 2004; (2) his "wrongful discharge" occurred at that Prince George's County facility, by Heritage's agents and employees located at that facility; (3) he was "wrongfully transported" to Prince George's Hospital Center, located in Maryland; (3) he was "evaluated and assessed" at that Maryland facility; (4) he was transported back to Heritage's Maryland facility and refused re-admission; (5) he was again returned to Prince George's Hospital Center; (6) the "contract" he alleges existed between himself and Heritage was to be performed at Heritage's facility in Maryland, and (7) the "breaches" of that purported contract all allegedly occurred in Prince George's County.

In short, not only did a "substantial part of the events or omissions giving rise to the claim" take place in Maryland, even under Plaintiff's version of events, as alleged in the Complaint, **all** of the events and omissions took place in Prince George's County, Maryland, and none of them took place in the District of Columbia. Thus, venue does not lie in this Court, venue clearly is proper in the United States District Court for the District of Maryland,[6] and Heritage's Rule 12(b)(3) motion should be granted.

---

[6] Because there is a single venue, the District of Maryland, that would be proper as to each of the Defendants, the venue option contained in §1391(a)(3) does not apply. On its face, §1391(a)(3), which permits venue in a district in which any defendant is subject to personal jurisdiction at the time the action is brought, only applies "if there is no district in which the action may otherwise be brought."

**II.     Plaintiff has failed to allege any facts showing that the courts of the District of
Columbia may properly exercise personal jurisdiction over Heritage, a
Maryland corporation.**

Heritage is a Maryland corporation with its principal place of business in that State.[7]

Accordingly, for this Court to have personal jurisdiction over Heritage, such exercise of

personal jurisdiction must be permitted under some provision of the District of Columbia

long-arm statute, D.C. Code §13-423.   Moreover, it is Plaintiff's burden to allege, and to

prove, sufficient evidentiary facts to make at least a *prima facie* showing that the exercise

of personal jurisdiction over Heritage by this Court is permitted both under the D.C. long-

arm statute and the due process clause of the Constitution. A complaint that fails to allege

sufficient evidentiary facts, as opposed to legal conclusions, to make a *prima facie*

showing of personal jurisdiction under the D.C. long-arm statue, is subject to dismissal

under Rule 12(b)(2). *First Chicago International v. United Exchange Co., Ltd.,* 836 F. 2d

1375, 1378 (D.C. Cir. 1988); *Nartex v. Consulting Corporation v. Watt,* 722 F. 2d 779,

787-88 (D.C. Cir. 1983); *Islamic Relief Agency v. Unidentified FBI Agents*, 394 F. Supp.

2d 34, 56 (D.D.C. 2005); *Frieman v. Lazur*, 925 F. Supp. 14, 21 (D.D.C. 1996); *Novak-

Canzeri v. Saud,* 864 F. Supp. 203, 205 (D.D.C. 1994).

Plaintiff in this case has made no attempt whatsoever to identify any provision of

§13-423, the D.C. long-arm statute, under which he asserts personal jurisdiction over

---

[7]   *See* Affidavit of William Adams, ¶ 2, attached hereto as Exhibit A.

9

Heritage, nor has he alleged any facts which, even if assumed to be true, would bring the claims in this case within any provision of §13-423. To the contrary, the factual allegations in the Complaint, if assumed to be true, make it clear that Plaintiff cannot demonstrate that this Court has personal jurisdiction over Heritage under §13-423.

Section 13-423(a) provides in pertinent part as follows:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, *as to a claim for relief arising from* the person's - -
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . . (emphasis added)[8]

The requirements for personal jurisdiction under the D.C. long-arm statute are further limited by §13-423(b), which mandates that: "When jurisdiction over a person is based

---

[8]    The remaining provisions, involving having an interest in real property in the District of Columbia, contracting to insure or act as surety for any person, risk, contract, obligation or agreement in or to be performed in the District of Columbia, or claims arising out of any marital or parent/child relationship in the District of Columbia at the time suit it filed are patently inapplicable.

solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him."

As explained above, Plaintiff's Complaint alleges that he was a resident of Heritage's facility in Prince George's County, pursuant to a contract to be performed in Prince George's County, and that Heritage, and its agents and employees, committed certain alleged wrongful acts and omissions, at Heritage's Prince George's County facility that purportedly caused him, at least twice during the period February 1, 2004 through February 3, 2004, to be "wrongfully discharged" at, and "wrongfully transported" from, Heritage's Prince George's County facility to Prince George's Hospital Center. He alleges further that these acts and omissions in Prince George's County caused him to suffer contractual and tortious injuries, while he was in Prince George's County.

Thus, based on Plaintiff's own factual allegations, none of the provisions of §13-423(a) could confer personal jurisdiction because none of Plaintiff's claims for relief arise from Heritage's transaction of business in the District of Columbia (§13-423(a)(1)), nor do any of them arise out Heritage's contracting to supply services in the District of the Columbia (§13-423(a)(2)). To the contrary, Plaintiff alleges that the services in question were to be supplied in Prince George's County. Similarly, there is no allegation that any claims for relief in this case arose out of any tortious injury in the District of Columbia, either by any act or omission in the District (§13-423(a)(3)), or outside the District (§13-

11

423(a)(4)), even assuming that Heritage had any of the regular activities or persistent course of conduct also required for personal jurisdiction under this latter section.

Furthermore, § 13-423(b) makes clear that, even if some act or omission enumerated in §13-423(a) is alleged as a basis for personal jurisdiction, jurisdiction is conferred only if the claims for relief arise from such an act. "Section 13-423(b) bars any claims unrelated to the particular transaction carried out in the District of Columbia upon which personal jurisdiction allegedly is based: The claim itself must have arisen from the business transacted in the District or there is no jurisdiction." *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994). Plaintiff's Complaint not only fails to allege any connection between his claims for relief and any act or omission by Heritage in the District of Columbia, it makes clear that there is no such connection. Accordingly, Heritage's motion under Rule 12(b)(2) should be granted.

III. **The impropriety of venue in this Court, particularly when considered with Plaintiff's failure to allege facts on which this Court could properly exercise personal jurisdiction over Heritage, means that this Court should either dismiss this action, or it should transfer it to the United States District Court for the District of Maryland, under 28 U.S.C. §1406(a).**

Under §1406(a) of the United States Code, if this Court determines that venue is improper in this District, then this Court may either dismiss Plaintiff's Complaint, or, in the interests of justice, it may transfer it to any district or division in which the case could have been brought. This Court has the power to order such a transfer even if it does not have personal jurisdiction over Heritage or Dr. Adewale. *Naartex Consulting Corp. v.*

12

*Watt*, 722 F. 2d 779, 789 (D.C. Cir. 1983); *Novak-Canzeri v. Saud*, 864. F. Supp. 203,

207 (D.D.C. 1994) ("A court may transfer a case to another jurisdiction even though it

lacks personal jurisdiction over the defendants.").

As explained above, venue does not lie in the District of Columbia so that, should it

chose to do so, this Court could dismiss the Complaint on that basis alone. Heritage,

however, acknowledges that the preference is that cases be transferred, rather than

dismissed. *See, e.g., Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *Davis v.

American Society of Civil Engineers*, 290 F. Supp. 2d 116, 121 (D.D.C. 2004) (Urbina, J.).

Should this Court determine that it is in the interest of justice to transfer this action, rather

than to dismiss it, then, under §1406(a), the United States District Court for the District of

Maryland, Southern Division, would be the appropriate court to which this case should be

transferred. As explained above, all of the alleged events and omissions giving rise to the

various causes of action took place in Prince George's County, and venue (and personal

jurisdiction) lie in that court as to all claims against both Defendants.

**IV.     Even if this Court could exercise personal jurisdiction over Heritage, and
even if venue were proper in this District, the action should be transferred to
the District of Maryland, for the convenience of the parties and witnesses and
in the interests of justice.**

Even if venue were proper in this Court, which it is not, and even if Plaintiff had met

his burden of showing that the exercise of personal jurisdiction over Heritage was proper

under the D.C. long-arm statute, which he has not, this case, nonetheless, should be

13

transferred to the United States District Court for the District of Maryland, pursuant to 28

U.S.C. §1404(a), which provides as follows:

> (a) For the convenience of the parties and witnesses, in the
> interest of justice, a district court may transfer any civil action
> to any other district or division where it might have been
> brought.

For the reasons explained above, this action could have been brought in the United

States District Court for the District of Maryland, in the Southern Division, which includes

Prince George's County.    That division is also the most logical and convenient forum for

resolution of this action. As this Court explained in *Liban v. Churchey Group, II, L.L.C.,*

305 F. Supp. 2d 136, 139 (D.D.C. 2004) (Urbina, J.), [9] in considering a §1404(a) transfer,

the court is to balance both the public interest in having a dispute resolved in a particular

forum, and various private-interest factors, including: (1) the plaintiff's choice of forum;

(2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the

convenience of the parties; (5) the convenience of the witnesses, and (6) the ease of access

to sources of proof. *Liban*, 305 F. Supp. 2d at 141.

Although the plaintiff's choice of forum is entitled to deference, especially if he is

a resident of the forum state, "that deference is . . . mitigated if a plaintiff's choice of

---

[9] *Liban* is another case in which this Court acknowledged that there are certain
cases in which it is more appropriate to consider and decide questions of venue before
deciding questions of personal jurisdiction. *Liban*, 305 F. Supp 2d at 139 n.1. The instant
case also presents such a case.

14

forum has 'no meaningful ties to the controversy and no particular interest in the parties or subject matter.'" *Liban*, 305 F. Supp. 2d at 142, *quoting Wilderness Society v. Babbitt*, 104 F. Supp. 2d 10, 13 (D.D.C. 2000). All of the other factors militate in favor of the Southern Division of the District of Maryland as the appropriate forum. Heritage is located there, Prince George's Hospital Center is located there, and, thus, it is likely that virtually all, if not all, of the witnesses and documents in this case will be located in Prince George's County. All of the claims asserted in Plaintiff's Complaint arose in Prince George's County. Thus, as in *Liban*, the balance of the private interest factors tips decidedly in favor of a transfer to Maryland.

This Court also identified in *Liban* the relevant public interest factors to be considered, including: (1) the transferee court's familiarity with governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts, and (3) the local interest of the forum state in having the controversy decided in that forum. Again, as in *Liban*, the balance of the public-interest factors is substantially on the side of transferring this action to the United States District Court for the District of Maryland. Most, if not all, of the legal issues raised by Plaintiff's claims will be decided under Maryland law, whether this case proceeds in Maryland or in the District of Columbia.[10]

---

[10]     The District of Columbia applies a "governmental interest analysis" in determining which jurisdiction's law will apply to a particular controversy. *Williams v. Williams*, 390 A. 2d 4, 5 (D.C.1978) (holding that Maryland had a greater interest in the resolution of a marital claim involving conveyance of Maryland property). For the reasons

There is no reason to believe that the Southern Division of the United States District Court for the District of Maryland will be any more or less congested than would be the calendar of this Court, and, given that all of the claimed acts and omissions in this case occurred in Maryland, the District of Columbia has no particular interest in the resolution of this matter, much less in having it decided in that forum.

Accordingly, for the reasons set forth above, should this Court determine not to dismiss, or not to transfer this case to the United States District Court for the District of Maryland, Southern Division, for improper venue, under 28 U.S.C. §1406(a), then, in the alternative, Heritage asks that it be transferred to that Division of the District of Maryland, under §1404(a).

## CONCLUSION

For the reasons set forth above, and in Heritage's Motion filed herewith, Defendant Heritage requests that this Court grant its motion to dismiss under Federal Rules 12(b)(3) and 12(b)(2), or that it transfer this case, for improper venue, to the Southern Division of

---

explained in this Memorandum, Maryland, not the District of Columbia, has a greater interest in the resolution of this dispute. *See also Woodner v. Mather*, 210 F. 2d 868, 872 (D.C. Cir. 1954) (Maryland law would be applied given that injury occurred in that State). Maryland follows *lex loci delicti*, as to choice of law in tort actions, *Chambco v. Urban Masonry Corp.*, 338 Md. 417, 420, 659 A. 2d 297, 299 (1995), and, for contracts, the law of the place where the contract was made. *Allstate Ins. Co. v. Hart*, 327 Md. 526, 529, 611 A. 2d 100, 101 (1992). Accordingly, whether this case is tried in the District of Columbia or in Maryland, Maryland law is likely to apply to all claims asserted.

16

the United States District Court for the District of Maryland, in accordance with 28 U.S.C. §1406(a).

In the alternative, should this Court determine that Plaintiff has met his burden of making at least a *prima facie* showing that this Court has personal jurisdiction over Heritage, and that venue is proper in the District Court for the District of Columbia, then Heritage asks that this Court transfer the case to the Southern Division of the United States District Court for the District of Maryland, in accordance with 28 U.S.C. §1404(a).

Respectfully submitted,

Lawrence J. Gebhardt
Bar No. 418749
Gebhardt & Smith, LLP
Ninth Floor
The World Trade Center
Baltimore, MD 21202
(410) 752-5830
(410) 383-5119 (FAX)

Attorney for Defendant Heritage Care, Inc.

17

OF COUNSEL:

Kathleen M. McDonald
D.C. Bar No. 477269
Kerr McDonald, LLP
31 Light Street, Suite 400
Baltimore, Maryland 21202
(410) 539-2900
(410) 539-2956 (FAX)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2006, a copy of the foregoing Memorandum of Points and Authorities of Defendant Heritage Care, Inc., in Support of Motion to Dismiss or, in the Alternative, to Transfer to United States District Court for the District of Maryland, Southern Division, was served, by first-class mail, postage prepaid, on Charles G. Canty, Esquire, 1025 Connecticut Avenue, N.W., Suite 1012, Washington, D.C. 20036, attorney for Plaintiff, and Benjamin Adewale, M.D., 7011 Calano Street, Springfield VA, 22150, Defendant *pro se.*

Kathleen M. McDonald

M3274

19