# Exhibit B

Case 1:06-cv-00322-RMU    Document 3-4    Filed 02/28/2006    Page 1 of 6

Not Reported in F.Supp.2d     Page 1
Not Reported in F.Supp.2d, 2004 WL 2663143 (D.D.C.)
(Cite as: 2004 WL 2663143 (D.D.C.))

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
District of Columbia.
**Siyeth SMITH, Plaintiff,**
v.
**US INVESTIGATIONS SERVICES, INC.,
Defendant.**
Civil Action No. 04-0711(RMU).

Nov. 18, 2004.
Neil Richard Lebowitz, Zipin Melehy & Driscoll, LLC, Silver Spring, MD, for Plaintiff.

Scott D. Helsel, Walton & Adams, P.C., Reston, VA, for Defendant.

*MEMORANDUM OPINION*

RICARDO M. URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION TO DISMISS
**I. INTRODUCTION**
*1 This case comes before the court on the defendant's motion to dismiss or transfer. Plaintiff Siyeth Smith brings suit against defendant U.S. Investigation Services, Inc. ("USIS, Inc.") for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FSLA") and breach of contract under Virginia common law. Because venue is improper in this district under 28 U.S.C. § 1391(b), the court dismisses the action.

**II. BACKGROUND**
**A. Factual Background**
Defendant USIS, Inc. is a provider of security services in the District of Columbia and the surrounding area. Compl. ¶ 2. USIS, Inc. is incorporated in Delaware and has its principal place of business in Annandale, Pennsylvania. Def.'s Mot. to Dismiss Ex. 1. ("Ondrus Decl.") ¶ 3. [FN1] According to the defendant, USIS, Inc. is the sole owner of U.S. Investigations Services, LLC, which in turn is the sole owner of U.S. Investigations Services, Professional Services Division ("USIS, PSD"). Ondrus Decl. ¶ 4. USIS, PSD is incorporated in Virginia and has its principal place of business in Fairfax County, Virginia. Ondrus Decl. ¶ 6.

FN1. When deciding a Rule 12(b)(3) motion to dismiss for lack of venue, the court may consider extrinsic evidence. *See e.g., Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996); *Moore v. AT & T Latin America Corp.*, 177 F.Supp.2d 785, 788 (N.D.Ill.2001); *ESI, Inc. v. Coastal Power Prod. Co.*, 995 F.Supp. 419, 422 (S.D.N.Y.1998).

In December 2000, plaintiff Siyeth Smith, a resident of the Commonwealth of Virginia, began working as a security monitor. Compl. ¶ 1, 4. The parties disagree as to whether the plaintiff was indeed employed by defendant USIS, Inc. or its subsidiary, USIS, PSD. The defendant alleges that USIS, PSD is, in fact, the true employer of the plaintiff. Ondrus Decl. ¶ 7. The plaintiff does not specifically contest this assertion. Rather, the plaintiff maintains that the plaintiff's actual employer is a "matter of some debate," and even if it were so, it is merely a technical pleading defect. Pl's Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 1 n. 1. Throughout her term of employment, the plaintiff carried out her work-related tasks and responsibilities solely in Virginia. Ondrus Decl. ¶ 8. Similarly, USIS, PSD processes its payments to employees in Virginia. Ondrus Decl. ¶ 9.

**B. Procedural History**
On April 29, 2004, the plaintiff filed suit in this court, alleging violations of FLSA and contractual obligations under Virginia common law. *Id.* at 1. The plaintiff also filed a motion to facilitate identification and notification of similarly situated employees with regard to the plaintiff's claim under the FLSA. On June 16, 2004, the defendants filed an answer to the plaintiff's complaint, as well as a motion to dismiss or, in the alternative, to transfer the action to the Eastern District of Virginia. The court now turns to that motion.

**III. ANALYSIS [FN2]**

FN2. Generally, a court should decide questions of personal jurisdiction before questions of venue. *Cameron v. Thornburgh*, 983 F.2d 253, 257 n. 3 (D.C.Cir.1993) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173 (1979)). Where a "sound prudential justification" exists, a court may consider venue without deciding the question of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

personal jurisdiction. *Id.* Accordingly, because "it provides an easier resolution of the case," the court focuses on the question of venue. *Id.*

### A. Legal Standards
#### 1. Motion to Dismiss Pursuant to Rule 12(b)(3)

Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. Fed.R.Civ.P. 12(b)(3). In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. *Darby v. United States DOE,* 231 F.Supp.2d 274, 276-77 (D.D.C.2002); *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.,* 148 F.Supp.2d 50, 54 (D.D.C.2001). The court, however, need not accept the plaintiff's legal conclusions as true. *Darby,* 231 F.Supp.2d at 277.

*2 The D.C. Circuit has not identified the party who bears the burden of proof in a challenge to venue, but the majority of courts place the burden on the plaintiff. *Davis v. Am. Soc'y of Civil Eng'rs,* 290 F.Supp.2d 116, 121 (D.D.C.2003) (collecting cases); *see also* 5A FED. PRAC. & PROC. 2d § 1352 (noting that placing the burden on the plaintiff "seems correct inasmuch as it is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue"). But, to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Darby,* 231 F.Supp. at 277.

#### 2. Venue under 28 U.S.C. § 1391(b) and Transfer to Pursuant to 28 U.S.C. § 1406(a)

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b) controls venue, establishing that venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

If the district in which the action is brought does not meet the requirements of section 1391(b), then that district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought ." 28 U.S.C. § 1406(a). The decision of whether dismissal or transfer is "in the interest of justice" is committed to the sound discretion of the district court. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983). Generally, the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962); *James v. Booz-Allen,* 227 F.Supp.2d 16, 20 (D.D.C.2002).

To transfer the action, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum. *Sharp Elecs. Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1230 (D.C.Cir.1981) (per curiam); *Crisler v. Schmeltzer,* 1990 WL 113887, at *2 (D.D.C. July 24, 1990). The decision regarding transfer rests within the court's sound discretion. *Naartex,* 722 F.2d at 789. The D.C. Circuit favors transfer under section 1406(a) "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst,* 711 F.2d 291, 293-94 (D.C.Cir.1983).

### B. The Court Concludes that Venue is Improper in the District of Columbia and Grants the Defendant's Motion to Dismiss
#### 1. Timeliness of the Motion to Dismiss

*3 Under Rule 12(b)(3), the defense of improper venue must be raised either in a responsive pleading or by a motion to dismiss. Fed.R.Civ.P. 12(b)(3). Additionally, Rule 12(h)(1) provides that certain Rule 12 defenses, including improper venue, are forfeited if "neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed.R.Civ.P. 12(h)(1). Therefore, a party asserting improper venue must do so "in [its] first defensive move." *2215 Fifth St. Assoc.,* 148 F.Supp.2d at 50 (D.D.C.2001) (internal citations omitted).

The plaintiff contends that the defendant waived any objection to venue by filing its motion to dismiss, or

Not Reported in F.Supp.2d                                                                                                       Page 3
(Cite as: 2004 WL 2663143, *3 (D.D.C.))

alternatively, to transfer to the Eastern District of Virginia, on the same day as the answer, not before. Pl.'s Opp'n at 3. The defendant responds that in its motion to dismiss, it reserved all objections it may have concerning personal jurisdiction and venue in the District of Columbia. Def.'s Mot. at 3. The defendant further notes that it requested the court to utilize 28 U.S.C. § 1404 to transfer the case to the Eastern District of Virginia, even assuming venue would be proper in the District of Columbia, and that as such, a motion to transfer is not technically an objection to venue under Rule 12(b). Id. at 4; 15 Fed. Prac. & Pro.2d § 3884.

The court notes that although the defendant's motion to dismiss and the defendant's answer were both filed on the same day, the docket and time stamp on the filings indicates that the defendant filed its motion to dismiss first. Docket Entry Nos. 5, 7. Thus, the defendant properly raised its objection to venue.

### 2. Venue in This District is Improper

The court agrees with the defendant's assertion that venue is improper in the District of Columbia. First, the court determines that venue in the District of Columbia is not found under 28 U.S.C. § 1391(b)(2), a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The defendant notes, and the plaintiff does not refute, that the plaintiff, a resident of Virginia herself, was at all times employed in Virginia, and that all computation and processing of payments owed to the plaintiff occurred in Virginia. Def.'s Mot. at 3; Ondrus Decl.¶¶ 6, 8; see generally Pl.'s Opp'n. The claims in this case, under the FLSA and Virginia contract law, arise from the plaintiff's being owed compensation from her employment as a security monitor. Thus, all of the events giving rise to the litigation occurred in the Eastern District of Virginia, not in the District of Columbia.

Next, the court concludes that venue is not found in the District of Columbia under 28 U.S.C. § 1391(b)(1), in a "judicial district where any defendant resides." A corporate defendant's residence is defined as "any district in which [the corporation] is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). A court has personal jurisdiction over a corporate defendant which purposely avails itself of the privileges of conducting business in the forum state. Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985).

*4 The plaintiff fails to provide the court with any meaningful factual allegations that would support the court's exercise of personal jurisdiction over the defendant. In order for the court to exercise general personal jurisdiction over the defendant, the defendant's contacts with the District of Columbia must be "continuous and systemic." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 512 (D.C.Cir.2002). The plaintiff merely states that the defendant provides security services in the "District of Columbia and surrounding metropolitan area." Comp. ¶ 2. In her opposition to the defendant's motion to dismiss or transfer, the plaintiff does not provide any further facts demonstrating continuous and systemic contacts. Rather, the plaintiff simply asserts that "the Defendant cannot seriously contest that Defendant has availed itself of the privilege of doing business in the District of Columbia." Pl.'s Opp'n at 3. Thus, the Court has no evidence to rely on to determine whether the defendant's business contacts in the District of Columbia are such that it would be subject to general personal jurisdiction in this court. Gandal v. Telemundo Group, Inc., 997 F.2d 1561, 1565 (D.C.Cir.1993) (stating that the plaintiff "bears the burden of proving that the district court has a basis for asserting personal jurisdiction over the defendants"); First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C.Cir.1988) (noting that conclusory allegations regarding a defendant's business practices are insufficient to establish personal jurisdiction). Accordingly, the plaintiff's allegations regarding venue are not well pled and the court need not accept their allegations as true. Darby, 231 F.Supp.2d. 276-77.

Finally, the third basis for venue as provided under section 1391(b)(3) is only applicable if there is no district in which venue is proper under one of the venue statute's first two provisions. 28 U.S.C. § 1391(b)(3). As indicated, however, venue in this case is proper in the Eastern District of Virginia as "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Therefore, the parties cannot resort to the statute's third possibility for venue. 28 U.S.C. § 1391(b)(3).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

### C. The Court Cannot Transfer the Case to the Eastern District of Virginia

Because venue is improper in this district, the court may transfer the case to the Eastern District of Virginia if transfer is in the interest of justice and the case could have been brought in the Eastern District of Virginia. 28 U.S.C. § 1406(a). The defendant's declarations indicate that a substantial part of events giving rise to the claim arose in Virginia. Ondrus Decl. ¶ 8. But the court's determination that venue is proper in that district is not in and of itself sufficient to support transfer. *Hoffman v. Fairfax County Redevelopment & Hous. Auth.*, 276 F.Supp.2d. 14 (D.D.C.2003). The court must also ensure that the Eastern District of Virginia has personal jurisdiction over the defendants. *Sharp Elecs. Corp.*, 655 F.2d at 1230.

*5 To the court's dismay, it is again at a standstill with regard to the factual predicate for supporting personal jurisdiction for the defendant. The plaintiff initially asserts that the defendant, whom she believes to be her rightful employer, is a Virginia corporation with its principal place of business in Fairfax. Compl. ¶ 2. However, the defendant contends that it is a Delaware corporation and has its principal place of business in Annandale, Pennsylvania. Def.'s Mot. at 1 n. 1; Ondrus Decl. ¶ 3. Furthermore, the defendant responds that USIS, PSD, its wholly owned subsidiary, is the plaintiff's rightful employer. Def.'s Mot. at 3; Ondrus Decl. ¶ 4, 8. As a Virginia corporation with its principal place of business in Fairfax, it is USIS, PSD, and not USIS, Inc., that would be subject to personal jurisdiction and venue in the Eastern District of Virginia. Def.'s Mot. at 3; Ondrus Decl. ¶ 6. In response, the plaintiff fails to present further factual allegations that satisfy her burden of demonstrating that personal jurisdiction for the defendant, USIS, Inc., exists in the Eastern District of Virginia. *First Chicago Int'l*, 836 F.2d at 1378.

The court would prefer to transfer this action to the Eastern District of Virginia, but it cannot do so absent a factual showing that personal jurisdiction would be proper in Virginia over the defendant. Although such a transfer would serve the interest of justice, the court cannot transfer the case when the requirements of personal jurisdiction have not been met. 28 U.S.C. § 1406(a); *Naartex*, 772 F.2d at 789. The plaintiff seems to argue that the identity of her employer is "actually a matter of some debate" and "would be an appropriate subject for a motion to correct ... an obviously technical pleading defect." Pl.'s Opp'n. at 1 n. 1. However, the defendant alleges that USIS, Inc. and USIS, PSD are each separate and legally distinct entities. Ondrus Decl. at 2.

Personal jurisdiction cannot be based on a defendant corporation's contacts with an affiliated corporation unless the affiliated corporation over which the court does have jurisdiction is found to be nothing more than the alter ego of the defendant. *Johnson-Tanner v. First Cash Fin. Servs.*, 239 F.Supp.2d 34, 38 (D.D.C.2003); *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 675-76 (D.C.Cir.1996) ("if a parent and subsidiary 'are not really separate entities,' ... or one acts as an agent of the other, ... the local subsidiary's contacts can be imputed to the foreign parent"). "In such cases, the foreign parent will be found to be transacting business in the forum state through the activities of its subsidiary." *Color Sys., Inc. v. Meteor Photo Reprographic Sys.*, Inc., 1987 WL 11085, *4 (D.D.C.1987). Whether one corporation is the alter ego of another is a question of law to be decided by the court. *Johnson-Tanner v. First Cash Fin. Servs.*, 239 F.Supp.2d at 34 (citing *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 90 F.Supp.2d 15, 22 (D.D.C.1999); *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 62 F.Supp.2d 13, 19-20 (D.D.C.2000)). Without factual allegations from the plaintiff or the defendant regarding whether personal jurisdiction is appropriate in the Eastern District of Virginia, the court has no recourse but to dismiss the complaint for lack of venue.

### III. CONCLUSION

*6 For the foregoing reasons, the court grants the defendant's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of November, 2004.

Not Reported in F.Supp.2d, 2004 WL 2663143 (D.D.C.)

Motions, Pleadings and Filings (Back to top)

. 1:04cv00711 (Docket) (Apr. 29, 2004)

. 2004 WL 2057907T1 (Trial Pleading) Complaint

Not Reported in F.Supp.2d
(Cite as: 2004 WL 2663143, *6 (D.D.C.))

Page 5

(Jan. 01, 2004)

. 2004 WL 2057917T1 (Trial Motion, Memorandum and Affidavit) Defendant's Opposition to Plaintiff's Motion to Facilitate Identification and Notification of Similarly Situated Employees (Jan. 01, 2004)

. 2004 WL 2057924T1 (Trial Pleading) Answer of Defendant Us Investigations Services, Inc. (Jan. 01, 2004)

. 2004 WL 2057934T1 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant's Motion to Dismiss Or. Alternatively, to Transfer to the United States District Court for the Eastern District of Virginia, Alexandria Division (Jan. 01, 2004)

. 2004 WL 2057941T1 (Trial Motion, Memorandum and Affidavit) Defendant's Reply Memorandum in Support of Its Motion to Dismiss or, Alternatively, to Transer to the United States District Court for the Eastern District of Virginia, Alexandria Division (Jan. 01, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.