**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| **WILLIAM RAY,** | * | |
| **970 Webster St., NE** | * | |
| **Washington, D.C.** | * | |
|       **Plaintiff** | * | |
| | * | |
| | * | |
|    **-v-** | * | **Civil Action No.:**  06-0322-RMU |
| | * | |
| **HERITAGE CARE, Inc.** | * | |
| **dba** | * | |
| **St. Thomas More Nursing &** | * | |
| **Rehabilitation Center** | * | |
| **4922 La Salle Road** | * | |
| **Hyattsville.., MD** | * | |
| | * | |
| **Dr. Benjamin Adewale, M.D.** | * | |
| **7011 Calano St.** | * | |
| **Springfield, VA 22150** | * | |
|       **Defendants** | * | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT HERITAGE CARE, INC.'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO UNITIED STATES
DISTRICT COURT FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

Current venue in this matter is proper and this Honorable Court's exercise of

personal jurisdiction over defendant Heritage Care, Inc. is appropriate in this case

because of the .  In its motion to dismiss or in the alternative to transfer to the U.S.

District Court in Maryland, Southern Division, defendant promotes four arguments

asserted on grounds of venue, court jurisdiction and non-convenient forum.  Defendant's

arguments are erroneously based in fact and as a matter of law should be summarily

denied.  In support of his assertions, Plaintiff humbly refers this Honorable Court to the

following:

## PERTINENT FACTS AND PROCEDURAL BACKGROUND

1.     William Ray, is a 25 year old, life long citizen of the District of Columbia.

    *Complaint*, ¶3.  Beginning August, 24, 2000 until his abandonment on

    February 1, 2004, William Ray was a resident at a nursing home owned and

    operated by defendant, Heritage Care, Inc., d/b/a St. Thomas More Nursing

    and Rehabilitation Center.  The services that were being performed were

    established by contract with the knowledge that William Ray was a

    citizen/resident of the District of Columbia. (*See* Exhibit A attached hereto)

2.     William Ray filed his instant suit in D.C. Superior Court on January 30, 2006.

    Plaintiff is and was at the time of filing this action, a resident of the District of

    Columbia.  Plaintiff is severely handicapped (quadriplegic) *Complaint*, ¶3.

3.     As indicated previously, defendant Heritage Care, Inc., d/b/a St. Thomas

    More Nursing and Rehabilitation Center is located at 4922 La Salle Road,

    Hyattsville, Maryland.[1]  (*See* Exhibit B attached hereto)  It is a nursing home

    facility that contracted with the plaintiff to provide total health care including

    nursing care, medications, room and board. *Complaint*, ¶5.

4.     On March 8, 2006 plaintiff received notice that this case had been removed

    from D.C. Superior Court to the U.S. District Court for the District of

    Columbia.

5.     The witnesses and other evidence that the plaintiff intends presenting can be

    more readily accessible to this Court.  In the instance of the Plaintiff, his only

---

[1] The nursing home is located less than one mile from the border between D.C. and
Maryland.  Many of the facility's residents, currently and at the time of the incidents
complained of, are citizens and wards of the District of Columbia.

mode of independent transportation is his motorized wheelchair.  He can have

easy access to the Courthouse because of mass transportation.  Many of the

witnesses are also residents of the District of Columbia and can easily

commute to the Court to provide testimony.

### ARGUMENT

Defendant Heritage Care presents three (3) grounds to support its motion;

dismissal pursuant 28 U.S.C. §1391(a) (venue), transfer/dismissal due to lack of personal

jurisdiction (unsure of legal basis for argument, presumably D.C. Code §13-423), transfer

to U.S. District Court for the District of Maryland pursuant 28 U.S.C. §1406(a).  All of

the grounds put forth are flawed and incomplete.  Plaintiff could have brought his action

in Maryland, or in many other alternate forums, but the most appropriate jurisdiction to

present his case is his home forum which is the most convenient place for him and his

witnesses, along with accessibility to other documentary evidence as well as noting this

Court's inherent interest in adjudicating local matters.

## I.    Jurisdiction is Proper with This Court

A court may exercise personal jurisdiction over a non-resident defendant "by

finding specific jurisdiction based on conduct connected to the suit, or by finding general

jurisdiction." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711 (4th Cir.

2002) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414

(1984)). In the District of Columbia ("the District"), there are three statutory bases – D.C.

Code sections 13-334, 13-422, and 13-423 – for the exercise of personal jurisdiction over a

corporation.  When personal jurisdiction is challenged pursuant to Federal Rule of Civil

Procedure 12(b)(2), the "[p]laintiffs have the burden of proof to establish that the Court

has personal jurisdiction. . . . All factual disputes concerning jurisdiction must be

resolved in favor of the plaintiffs, . . . and plaintiffs need only make a prima facie

showing of personal jurisdiction in order to defeat [a] defendant['s] motion." Jacobsen v.

Oliver, 201 F. Supp. 2d 93, 104 (D.D.C. 2002). The plaintiffs' assertions of fact are

"presumed to be true unless directly contradicted by affidavit," DSMC, Inc. v. Convera

Corp., 273 F. Supp. 2d 14, 20 (D.D.C. 2002) (citation omitted), or Court review of other

contradictory evidence.  Plaintiff asserts that this Court does indeed have personal

jurisdiction over the parties. In this particular instance, plaintiff is a resident and a life-

long citizen of the District of Columbia.  It is his choice to bring this action in his home

forum that is most convenient for him and the prosecution of his cause.

        In determining whether it may exercise personal jurisdiction over a non-resident

defendant, the court must engage in a two-part inquiry. Harrison v. Lappin, No. 04-0681,

slip op. at 2 (D.D.C. Mar. 31, 2005). First, the court must determine whether jurisdiction

may be exercised under the District's long-arm statute. Second, the court must decide

whether the exercise of personal jurisdiction satisfies due process requirements. Id.

        The District of Columbia long arm statute, D.C. Code §13-423(a)(1) is

coextensive in reach with the personal jurisdiction allowed by the due process clause of

the United States Constitution. The due process clause allows this Court to exercise

personal jurisdiction over a non-resident defendant who has minimum contacts with the

District of Columbia.  Shoppers Food Warehouse v. Moreno, 746 A.2d 320, 329 (D.C.

2000).   Under the District's long-arm statute, a District of Columbia court may exercise

personal jurisdiction over a non-resident defendant who "transacts any business in the

District of Columbia." D.C. Code § 13-423(a)(1). The requirement that the defendant

"transact business" in the District is interpreted very broadly and can be met by any

"contractual activit[y] of a nonresident defendant which cause[s] a consequence [in the

District]." Sheikh v. Mr. K's Restaurant, Inc., No. 04-00515, slip op. at 3 (D.D.C. June 10,

2005). Sometimes, even "a single act alone may be sufficient to constitute transacting

business." Mouzavires v. Baxter, 434 A.2d 988, 9 (D.C. 1981), cert denied, 455 U.S. 1006,

102 S.Ct. 1643 (1982). Here, defendant is proximate in location to the Court.  Defendant

has continuous ongoing significant contact with the District by way of contracted health

care services being extended to many of the citizens of this jurisdiction.  Plaintiff Ray is

only one example of this type of contact aimed at the citizens of the District of Columbia.

The Due Process Clause of the Fifth Amendment requires that the plaintiff

demonstrate minimum contacts between the defendant and the forum such that the

maintenance of the suit does not offend traditional notions of fair play and substantial

justice. *See* GTE New Media Servs. v. Bellsouth Corp., 339 U.S.App.D.C. 332, 337, 199

F.3d 1343, 1347 (2000). The proper application of the minimum contacts formula requires

"a consideration of not only whether a nonresident defendant has sufficient contacts with

the forum, but also whether those contacts are voluntary and deliberate, rather than

fortuitous" Mouzavires, 434 A.2d at 995.  Courts have recognized that "even where a

nonresident defendant has never physically been present in the forum, his contacts with the

forum, when viewed quantitatively, may be quite substantial." Id. Thus, jurisdiction has been

held to exist where a nonresident defendant's only contact with the forum has been by mail

or telephone. Id.

Defendants' actions were very deliberate and tortuous, discernibly related directly

to the care contracted between themselves and the plaintiff, a citizen of the District.

Shoppers, 746 A.2d at 329 (quoting World-Wide Volkswagen Corp. v. Woodson, 444

U.S. 286, 297 (1980)). A discernible relationship with the parties exists in this instance

where the non-resident defendants have significant ongoing contact with the District

"such that [the nonresidents] should reasonably anticipate being haled into court [here]."

Id.

In assessing the reasonableness of the factors a plaintiff claims merit a court exercising personal jurisdiction over an alien defendant, due process requires the court to assess whether the defendant could reasonably anticipate litigation with the plaintiff in the District as a result of its activities, whether the plaintiff is a resident of the District, and whether it would be fair and reasonable to force the alien defendant to litigate here. Id.  In Shoppers, 746 A.2d 320 (1980) the District of Columbia Court of Appeals found that a Maryland corporation which advertised in The Washington Post had the necessary minimum contacts with the District "by purposefully directing advertisements for its Maryland and Virginia stores at a potential customer base in the District of Columbia. . . ." Id. at 331. Therefore, the court concluded that the defendant in Shoppers "`should reasonably [have] anticipate[d] being haled into court [in the District]' by a customer from the District who received an injury in one of its Maryland stores." Id. (quoting World Wide Volkswagen, 444 U.S. at 297).

Defendant Heritage Care, Inc. is located less than 1 mile from the D.C. boundary line and is thus proximate to the District. The defendant Heritage has a substantial resident population who are legal citizens of the District, indeed, some persons residing at the nursing home are wards of the District of Columbia.  There is ongoing payment arrangements made by the District government to the defendant to provide care for these citizens.  The nature of this contact between the defendant and this jurisdiction is ongoing and substantial, relating to the health and well being of District of Columbia residents. It is only fair and reasonable for the defendant to expect, indeed to anticipate, being sued in that jurisdiction, particularly as here, where a nonresident defendant has purposefully availed itself of the benefits and protections of the District in engaging in a business

activity in the forum jurisdiction. . . . <u>Burger King v. Rudzewictz</u>, 471 U.S. at 475-76 (1985)

As stated previously, the plaintiff is a severely handicapped, life long resident of the District of Columbia. The District of Columbia has legitimate interests in this dispute. <u>Shoppers</u>, 746 A.2d at 328 ("A State generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors"). In such situations, the relationship between a non-resident defendant and the forum must be such that it is reasonable to require the defendant to defend against the particular lawsuit here in the District of Columbia.

In addition, as stated afore, jurisdiction in this Court is proper. Federal Rule of Civil Procedure 12(b)(3) gives the court the discretion to dismiss an action for lack of venue, or transfer a case in the interest of justice. <u>See</u> Fed.R.Civ.P. 12(b)(3); 28 U.S.C. § 1406(a). Pursuant to 28 U.S.C. § 1391, a complaint may be filed in a judicial district where the defendant resides. If the defendant is a corporation, the defendant shall be deemed to reside in the judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Since Heritage Care is a corporation subject to personal jurisdiction in the District of Columbia, Heritage Care is considered a resident of the District, and hence venue is proper in this Court. <u>See</u> Sheikh, No. 04-00515, slip op. at 5 (D.D.C. June 10, 2005).

II.     **Transferring This Case To Maryland Would Be Inappropriate. Balance of Private Interest versus Public Interest Support Maintaining This Matter in the District of Columbia.**

To establish that transfer is appropriate, defendants have the burden of demonstrating that considerations of convenience and the interest of justice weigh in favor of transfer. <u>DeLoach v. Philip Morris Co., Inc.</u>, 132 F. Supp.2d 22, 24 (D.D.C. 2000); <u>Trout Unlimited v. United States Dep't of Agric.</u>, 944 F. Supp. 13, 16 (D.D.C. 1996). The

district court has discretion to transfer "according to an individualized, case-by-case consideration of convenience and fairness," balancing a number of factors relating to both the private interests of the parties and the interests of the public. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988).

The private interest considerations include: (1) plaintiffs choice of forum; (2) defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. Trout Unlimited, 944 F. Supp. at 16. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. Id.

With respect to the private interest consideration, none of the factors favor transfer. Plaintiff, a resident of the District of Columbia which is also his forum of choice; defendant, despite its objections otherwise, has significant ties to the District of Columbia and as a corporate entity is subject to personal jurisdiction in this venue; the claim, while arising in Maryland, foreseeably reaches into the District by way of the parties contractual relationship; the convenience of the parties and the witnesses leans toward the District in that all parties live or work in the District or in close proximity to it; and finally the sources of proof will be provided by witnesses and documents that have already been accounted for.

As for the public interest, the plaintiff is unfamiliar with the governing laws and local rules mandated by the U.S. District Court for the District of Maryland, Southern District. In fact, Plaintiff is unsure where the Court is located. Plaintiff has no idea as to the number of cases "congesting" either Courts calendar. In all likelihood they both are inundated with cases and disputes. However, plaintiff is well assured that there is a significant local interest in deciding this matter in the District. Contractual relationships between District health care consumers and health care providers, whether located in this jurisdiction or not, effects most if not all residents of this city. Plaintiff has ongoing health issues and needs

and shall continue to need total medical care for the foreseeable future.  He contracted with

the defendant Heritage Care for medical/health care as well as all services necessary for

overall life care.  Heritage Care violated that agreement and broke open a hole in the public

safety net established to provide care and services for the least fortunate and most vulnerable

of District residents.  Health and medically related issues for the citizens of the District of

Columbia has rippling manifestations across the breath of this jurisdiction, whether in the

amount of tax revenue earmarked to provide services for medically fragile residents or in the

strain on services.   Defendant cannot refute these allegations and thus uses this procedural

process to deny plaintiff his right to be heard by unnecessarily delaying this case.

CONCLUSION

Accordingly, for the reasons set forth previously, Plaintiff William Ray humbly

requests that this Court deny defendants motion to dismiss or in the alternative to transfer.


Respectfully submitted,



_____/S/_____

Charles G. Canty, Esq.
Bar No. 443186
Law Office of Charles Canty
1025 Connecticut Ave., N.W.
Suite 1012
Washington, D.C. 20036
(202) 857-1465
(202) 857-9799  (Fax)
canty4law@mac.com

Attorney for Plaintiff William Ray

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of April, 2006, a copy of the foregoing

Plaintiff's Memorandum of Points and Authorities in Support of his Opposition to

Defendant Heritage Care, Inc.'s Motion to Dismiss or, in the alternative, to Transfer to

United States District Court for the District of Maryland, Southern Division, was served,

by first class mail, postage prepaid, on Kathleen M. McDonald, Esquire, c/o Kerr

McDonald, LLP, 31 Light Street, Suite 400, Baltimore, Maryland 21202, attorney for

Defendant Heritage Care, Inc. and Benjamin Adewale, M.D. 7011 Calamo Street,

Springfield, VA, 22150, Defendant *pro se.*


                              /S/
                              Charles G. Canty

EXHIBIT A

EXHIBIT B