IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM RAY | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. 06-0322-RMU |
| HERITAGE CARE, INC., et al.<br>d/b/a St. Thomas More Nursing &<br>Rehabilitation Center | * | |
| | * | |
| | * | |
| Defendants | * | |
| * * * * * * * * * * | * * * * * * * * * * | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT
HERITAGE CARE, INC., IN FURTHER SUPPORT OF MOTION TO DISMISS, OR,
IN THE ALTERNATIVE, TO TRANSFER CASE TO UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

Defendant, Heritage Care, Inc. ("Heritage"), by its undersigned counsel, submits this

Memorandum of Points and Authorities in further support of its motion to dismiss, or in

the alternative, to transfer this case to the United States District Court for the District of

Maryland, Southern Division, and in reply to Plaintiff William Ray's opposition to that

motion. That motion, which was filed on February 28, 2006, and served by mail and

facsimile on counsel for Ray the same date, was based on this Court's lack of personal

jurisdiction over Heritage, and, as a separate ground, that venue does not lie in this District

for the claims asserted. In the alternative, Heritage asked that this action be transferred to

the District of Maryland, for the convenience of the parties and witnesses and in the interests of justice, under 28 U.S.C. §1404(a).

On April 14, 2006,[1] more than a month after the date on which any opposition memorandum by Ray was to have been filed, undersigned counsel for Heritage received, by mail, Plaintiff's "Response to Defendant Heritage Care, Inc's Motion to Dismiss, Or, In the Alternative, To Transfer case to United States District Court for the District of Maryland, Southern Division" (hereinafter "Response"). That Response relies upon unsworn "factual" assertions by Ray's counsel, and on two unauthenticated and unsworn hearsay documents,[2] to argue that personal jurisdiction may properly be exercised by this Court under the D.C. Long-Arm Statute, that venue lies in this District, and that the District of Columbia is the most convenient forum for this case. Even were these unsworn assertions and unauthenticated hearsay materials properly before this Court, which they are not, they are not sufficient to meet Plaintiff's burden of demonstrating that this Court has both personal jurisdiction over Heritage and venue over the claims in this case, nor has Plaintiff showed, even assuming personal jurisdiction and venue are proper in the District of Columbia, that

---

[1]   The unsigned Certificate of Service appended to the Response asserts that the Response was mailed to undersigned counsel on April 3, 2006, although it did not arrive until April 14, 2006. The electronic docket of this Court shows that the Response was filed on April 12, 2006, as Paper No. 8.

[2]   Heritage's motion to strike this improper material was filed contemporaneously with this Reply Memorandum.

the District of Columbia is the most convenient forum for this action. Thus, for the reasons set forth herein, and in Heritage's February 28, 2006, Memorandum of Law [Paper No. 3], Heritage's motion to dismiss, or, in the alternative, to transfer this case to the United States District Court of the District of Maryland, Southern Division, should be granted.

I.    **Plaintiff Ray has failed to meet his burden of showing that Heritage is subject to personal jurisdiction under the D.C. long-arm statute for the claims in this case.**

Plaintiff does not contest the jurisdictional facts placed before this Court by Heritage in the Affidavit of William Adams, filed with the motion to dismiss, and he appears to concede that Heritage is not a resident or citizen of D.C. for purposes of personal jurisdiction. Instead, Plaintiff argues that this Court has personal jurisdiction over Heritage, under the D.C. long-arm statute, because Heritage purportedly has sufficient minimum contacts with D.C. so that the exercise of personal jurisdiction over it would not offend due process. In support of that argument, Plaintiff relies only on the bald assertions of his counsel to the effect that "Heritage has a substantial resident population who are legal citizens of the District," some of whom are purportedly "wards of the District of Columbia," *Response,* pp.6-7, and that Heritage supposedly "has contracted health care services being extended to many of the citizens of this jurisdiction," including Plaintiff. *Response,* p. 5. Jurisdictional facts must be put before the Court by way of affidavit or the equivalent , and mere assertions of counsel in a memorandum, such as those made in the

3

Response, should be stricken and not considered, including on jurisdictional issues. *See,*

*e.g., Peek v. Golden Nugget Hotel and Casino*, 806 F. Supp. 555, 557-58 (E.D. Pa. 1992)

(factual assertions made by counsel in a legal memoranda are not properly before the court

as "facts" for personal jurisdiction purposes); *Goldstein v. Compudyne Corporation*, 262

F. Supp. 524, 526 (S.D.N.Y. 1962) (plaintiff's allegations of jurisdictional facts which

were not under oath or in an affidavit were not considered); *Hogdon Powder Co. v. Clean*

*Shot Technologies, Inc.*, 92 F. Supp 2d 1170, 1173 (D. Kan. 2000) ("This court is

unwilling to assert personal jurisdiction over defendant solely on the basis of unsupported

contentions included in plaintiff's memorandum."); *Berry v. Salter*, 179 F. Supp. 2d 1345,

1347 (M.D. Ala. 2001) (Where motion challenging jurisdiction is supported by affidavit,

"plaintiff has the burden of going forward with sufficient factual evidence to establish a

prima facie showing of the jurisdictional allegations." To do so, plaintiff may not rely on

"conclusory statements, unsupported by evidence, to establish personal jurisdiction.");

*Dodora Unified Communications, Inc. v. Direct Information Pvt. Ltd.*, 379 F. Supp. 2d 10,

13 (D. Mass. 2005) ("The plaintiff may not rely on unsupported allegations in the pleadings

to make a prima facie showing of personal jurisdiction."). Similarly, although Plaintiff

appends two documents to his Response, as Exhibits A and B, those documents are

unauthenticated and unsworn hearsay, and they should be stricken and not considered by this

Court in ruling on the motion to dismiss or to transfer. *Peek*, 806 F. Supp. at 557-58 (The

only two exhibits provided by plaintiff in opposition to motion to dismiss for lack of

personal jurisdiction were "not supported by affidavit and are of unknown origin," and, thus, were not considered by the court).

The reliance of Plaintiff on these improper assertions and materials, standing alone, means that Plaintiff's arguments in favor of the exercise of personal jurisdiction over Heritage should be rejected. Even if those factual assertions and documents were properly before this Court, however, Plaintiff's personal jurisdiction argument is still without merit. The D.C. long-arm statute, §13-423(b), requires, on its face, that where jurisdiction over a person "is based solely on this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994).[3]  Although Plaintiff makes unsupported assertion that Heritage has certain "contacts" with D.C., it is significant that he neither identifies which particular provision of §13-423(a) he believes gives this Court personal jurisdiction over the claims against Heritage, nor does he explain how the claims he has asserted, all of which are premised on alleged acts or omissions that he avers occurred in Maryland, arise out of any of the purported "contacts" that Heritage has with the District. They do not. Accordingly, Heritage's motion to dismiss, under Federal Rule 12(b)(2), based on lack of personal

___

[3]  Plaintiff fails to address in his Response the application and effect of *Noak-Canzeri*, or any other case cited by Heritage, in its Memorandum in support of the Motion.

jurisdiction, should be granted, whether or not Plaintiff's improper assertions and

unauthenticated hearsay documents are stricken.[4]

## II.    Plaintiff has not met his burden of demonstrating that venue lies in this Court for the claims asserted in this case.

In a three-sentence argument, Plaintiff asserts that venue is proper in this Court,

under 28 U.S.C.§1391(c), because "Heritage is a corporation subject to personal

jurisdiction in the District of Columbia ...." *Response* at pp. 7-8.  As explained above,

Plaintiff has not met his burden of demonstrating that the District of Columbia long-arm

statute confers personal jurisdiction over the claims against Heritage.  More fundamentally,

however, venue in this action, in which subject matter jurisdiction is based on diversity of

citizenship, is controlled by §1391(a), which provides, in mandatory terms, that, in a "civil

action wherein jurisdiction is founded only on diversity of citizenship," such action may

"be brought **only in**" a judicial district specified in subsections (a)(1) through (a)(3).

Section §1391(c), on which Plaintiff relies, is not a grant of venue in addition to those

established in  §1391(a).  Instead,  §1391(c) merely specifies how the "residence" of a

corporation will be determined for purposes of applying the potential bases for venue in

---

[4]    Plaintiff does not specify whether he is asserting that this Court has specific personal jurisdiction over Heritage, or general jurisdiction.  If the former, that assertion is without merit, as explained above.  If Plaintiff is relying on general jurisdiction, he has made no showing of that Heritage has "purposefully directed its activities at residents of the forum," or that any contacts with D.C. were not the result of "the unilateral activity of another party or a third person." *Holder v. Haarmann & Reimer Corporation*, 779 A. 2d 264, 270 (D.C. 2001), *citing Burger King v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

diversity cases that are established in §1391(a). Thus, even if the courts of the District did have personal jurisdiction over the claims against Heritage in this case, Plaintiff has made no effort to explain how any provision of §1391(a) would allow venue to lie in this Court. He cannot do so.

Venue in this case cannot be founded on §1391(a)(1), which permits venue in a judicial district where any defendant resides, if all defendants reside in the same state, because he cannot show that both Heritage and Defendant Dr. Adewale "reside" in the District of Columbia. Nor can Plaintiff show that venue is proper under §1391(a)(2), which allows venue in any judicial district where a "substantial part of the events or omissions giving rise to the claim[s] occurred," because all of those alleged events or omissions averred took place in Maryland. Although, under certain circumstances, §1391(a)(3) does permit venue in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced," that grant of venue is restricted. Venue is improper under §1391(c) **unless** "there is no district in which the action may otherwise be brought." There is no question that this action could have been brought in the United States District Court for the District of Maryland, both as to the claims against Heritage and the claims against Defendant Dr. Adewale, under 28 U.S.C. §1391(b), because "a substantial part of the events or omissions giving rise to the claim[s]" against both Defendants took place in the Southern Division of the District of Maryland.

Thus, there is a district, the District of Maryland, in which the action could have been brought, so that venue cannot be founded on §1391(a)(3).

Because venue does not lie under any provision of §1391(a), which controls, this case should either be dismissed or, in the alternative, it should be transferred to the Southern Division of the District of Maryland, pursuant to 28 U.S.C. §1406(a).

III.    **Even if venue were proper in this District, which it is not, and even if Plaintiff could demonstrate that the courts of this District could properly exercise personal jurisdiction over Heritage, which he has not, the action should be transferred to the District of Maryland for the convenience of parties and witnesses and in the interests of justice.**

Plaintiff argues that this Court should decline to transfer this case to the District of Maryland because the District of Columbia is the more convenient forum.   Under the plain language of 28 U.S.C. §1404(a), this Court has the power to retain this case "for the convenience of the parties and witnesses," **only** if the District of Columbia is a forum where [this action] might have been brought." As explained above, the District of Columbia is not a proper forum both because venue does not lie in the District, and because the courts of the District cannot properly exercise personal jurisdiction over the claims asserted against Heritage in this case.  Even if Plaintiff could overcome those hurdles, however, the balance of convenience tips decidedly in favor of transferring this case to the District of Maryland. The only connection to the District of Columbia that Plaintiff properly identifies is that he is currently a resident of D.C.  There is no support in the record for Plaintiff's generalized assertion that Heritage has "significant ties" to D.C., nor

8

does he identify any witnesses or evidence located in D.C. Plaintiff does not, and cannot, dispute that all of the alleged acts and omissions occurred in Maryland, that Heritage and Prince George's Hospital Center are both located in Maryland, and that all of the records of those two institutions are located in Maryland. [5] Accordingly, Heritage has met its burden of demonstrating that, even assuming that this action could properly proceed in this District, a transfer to the District of Maryland would be for "the convenience of the parties and witnesses [and] in the interests of justice," as required under 28 U.S.C. §1404(a).

## CONCLUSION

For the reasons set forth above, and in Heritage's original Memorandum of Law in Support of the Motion to Dismiss, or, in the Alternative, to Transfer, Defendant Heritage requests that this Court grant its motion to dismiss under Federal Rules 12(b)(3) and 12(b)(2), or that it transfer this case, for improper venue, to the Southern Division of the United States District Court for the District of Maryland, in accordance with 28 U.S.C. §1406(a). In the alternative, should this Court determine that Plaintiff has met his burden of making at least a *prima facie* showing that this Court has personal jurisdiction over Heritage, and that venue is proper in the District Court for the District of Columbia, then

---

[5] Although counsel for Plaintiff asserts in the Opposition Memorandum that Plaintiff "is unfamiliar with the governing laws and local rules mandated by the U.S. District Court for the District of Maryland, Southern Division," and that Plaintiff "is unsure where the Court is located," *Response* at p. 9, Plaintiff is represented by counsel who presumably knows where the U.S. Courthouse in Greenbelt, Maryland is located, and who can read and understand its local rules.

Heritage asks that this Court transfer the case to the Southern Division of the United States

District Court for the District of Maryland, in accordance with 28 U.S.C. §1404(a).

Respectfully submitted,

Kathleen M. McDonald
Bar No. 477269
Kerr McDonald, LLP
31 Light Street, Suite 400
Baltimore, MD 21202
(410) 539-2900
(410) 539-2956 (FAX)
Kmcdonald@kerrmcdonald.com

Lawrence J. Gebhardt
Bar No. 418749
Gebhardt & Smith, LLP
Ninth Floor
The World Trade Center
Baltimore, MD 21202
(410) 752-5830
(410) 383-5119 (FAX)

Attorneys for Defendant Heritage Care,
Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _19th_ day of April, 2006, a copy of the

foregoing Reply Memorandum of Defendant Heritage Care, Inc., in Further Support of

Motion to Dismiss or, in the Alternative, to Transfer to United States District Court for the

District of Maryland, Southern Division, was served, by first-class mail, postage prepaid, on

Charles G. Canty, Esquire, 1025 Connecticut Avenue, N.W., Suite 1012, Washington, D.C.

20036, attorney for Plaintiff, and Benjamin Adewale, M.D., 7011 Calano Street,

Springfield VA, 22150, Defendant *pro se*.


_Kathleen M. McDonald_
Kathleen M. McDonald


M3545


11