UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM RAY, | : |
| Plaintiff, | : Civil Action No.:   06-322 (RMU) |
| v. | : Document No.:   8 |
| HERITAGE CARE, INC., and | : |
| BENJAMIN ADEWALE | : |
| Defendants. | : |

**MEMORANDUM ORDER**

**ORDERING PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD
NOT DEEM THE DEFENDANT'S MOTION TO DISMISS OR TRANSFER
AS CONCEDED; STRIKING THE PLAINTIFF'S OPPOSITION**

In this case, the plaintiff seeks monetary damages from the defendants for allegedly removing him from defendant Heritage Care, Inc.'s nursing home facility without his consent and for failing to readmit him to that same facility. This case is here on diversity. On February 28, 2006, defendant Heritage moved to dismiss or to transfer to the United States District Court for the District of Maryland. Heritage claims that because all of the actions underlying this dispute took place in Maryland, this court lacks personal jurisdiction over the defendants and that the District of Columbia does not constitute a proper venue. Anxiously, the court awaited the plaintiff's opposition. On April 12, 2006, forty-three days after the Heritage filed its motion, the plaintiff decided to oppose.[1] To this court's disappointment, the plaintiff makes no mention of its long delay, opting instead to simply file its motion and hoping that the court would not notice.

---

[1] The plaintiff's delay reminds the court of Douglas Adams, who stated "I love deadlines. I like the whooshing sound they make as they fly by." Though cheeky, the court strongly advises the plaintiff to not emulate Mr. Adams further.

The court has noticed.

Local Civil Rule 7(b) requires an opposing party to file a memorandum of points and authorities in opposition to a motion within 11 days of the date of service of the motion. LCvR 7(b). If the opposing party fails to do so, the court may treat the motion as conceded. *Giraldo v. Dep't of Justice,* 2002 WL 1461787, at *1 (D.C. Cir. July 8, 2002) (citing *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997)). Because the purpose of Rule 7(b) is to aid the district court in maintaining docket control, the D.C. Circuit recognizes that "the discretion to enforce this rule lies wholly with the district court." *Bender*, 127 F.3d at 67-68 (stating that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule").

If an opposing party requests an enlargement of time before the 11-day period expires, the court may exercise its discretion under Federal Rule of Civil Procedure 6(b) and enlarge the time period "for cause shown." FED. R. CIV. P. 6(b); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). If the party requests an enlargement after the 11 days has expired, the party must show cause and "excusable neglect." *Id.* Here, the plaintiff has done neither, attempting to bypass the rule's application by ignoring it. Excusable neglect, therefore, has not been shown.

If the plaintiff had sought the court's permission to file out of time, the court might consider several factors in determining whether the neglect is excusable, including, "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In granting or refusing enlargements, the district court enjoys broad discretion. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (stressing that the court of appeals owes "great deference [to district courts] in what are effectively their case-management decisions" under Rule 6(b)); *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 583 (1st Cir. 1994) (noting that "[t]he district court is afforded great leeway in granting or refusing enlargements").

In its discretion, the court will not yet treat the plaintiff's motion as conceded until first providing the plaintiff with an opportunity to respond.[2] For this reason, it is this 26th day of April, 2006, hereby

**ORDERED** that the plaintiff show cause within 10 days of this order why defendant Heritage's motion to dismiss or to transfer should not be deemed conceded and granted, and it is

**FURTHER ORDERED** that the plaintiff's opposition to defendant Heritage's motion to dismiss or transfer is **STRICKEN** without prejudice.

**SO ORDERED**.

                                                              RICARDO M. URBINA
                                                              United States District Judge

---

[2] The court cautions the plaintiff, however. Defendant Heritage removed this case from the Superior Court for the District of Columbia to this federal district court. Now that the case is here, the plaintiff (and the defendants too) must comply with this court's rules and must submit work product in a timely fashion and befitting of pleadings in a federal court. Failure to heed this caution will place that individual on a fast track to an unpleasant rendezvous with Rule 11.